# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

MATTHEW TYLER,

        Petitioner,

    v.                                Case No. 07-C-508

ROBERT HUMPHREYS,

        Respondent.

## DECISION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS

Matthew Tyler ("Tyler") is a person incarcerated pursuant to a state court judgment and proceeding pro se, he seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Tyler challenges the decision of a prison adjustment committee that sentenced him to 8 days adjustment and 360 days program segregation for violating Depart of Corrections ("DOC") Rule 303.14 (sexual assault – contact) and 5 days adjustment and 180 days program segregation for violating DOC Rule 303.16 (threats). For these violations, Tyler's mandatory release date was extended for six months and he was transferred to the Wisconsin Secure Program Facility.

Tyler unsuccessfully pursued his administrative remedies and then filed petitions for writs of certiorari in Winnebago County Circuit Court. Tyler's two petitions were consolidated by the circuit court and denied in June of 2005. Tyler appealed and the court of appeals affirmed the circuit court's denial on January 3, 2007. The Wisconsin Supreme Court denied review on May 22, 2007.

Tyler filed his present petition on May 31, 2007. His petition was screened in accordance with Rule 4 of the Rules Governing Section 2254 Cases by the Honorable Charles N. Clevert, Jr.,

and the respondent was ordered the answer the petition. The respondent answered on January 29, 2008, (Docket No. 12), and on February 28, 2008, Tyler filed an additional brief in support of his petition, (Docket No. 14), and an affidavit (Docket No. 15). On April 28, 2008, the respondent filed a brief in opposition to Tyler's petition, (Docket No. 19), and May 9, 2008, Tyler replied, (Docket No. 21). The pleadings on the petition are closed and the matter is ready for resolution. All parties consented to the full jurisdiction of a magistrate judge, and the case was reassigned to this court for all further proceedings.

**STANDARDS OF REVIEW**

Since Tyler challenges prison disciplinary decisions extending his incarceration, rather than the state court judgment that led to his conviction, there is some degree of disagreement as to the standard of review that should apply to such a petition. The respondent, relying upon <u>Walker v. O'Brien</u>, 216 F.3d 626, 639 (7th Cir. 2000), alleges that the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") do not apply and this court should resolve his petition "as law and justice require," which is the standard set forth in § 2243. (Docket No. 19 at 6-7.)

Although <u>Walker</u> does establish the AEDPA's requirement that a petitioner obtain a certificate of appealability before pursuing an appeal does not apply in prison discipline cases, the Seventh Circuit subsequently clarrified its holding and stated that AEDPA does not apply to prison disciplinary decisions "unless states provide for judicial review of these decisions." <u>White v. Ind. Parole Bd.</u>, 266 F.3d 759, 766 (7th Cir. 2001). As is made clear by the procedural history of this case set forth above, Wisconsin does provide for judicial review of the decisions of a prison disciplinary body. Thus, in accordance with <u>White</u>, the court finds that Tyler must satisfy the procedural requirements of AEDPA, and thus the traditional § 2254 standards of review apply to the present petition.

Therefore, where the state court adjudicates the merits of a petitioner's claim, this court may grant habeas corpus relief if the state court decision:

> (1) was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

As the Supreme Court explained in Williams v. Taylor, § 2254(d)(1) establishes two independent grounds on which a federal court can grant habeas corpus relief: (1) if a state court decision is "contrary to" clearly established federal law, as determined by the Supreme Court, or (2) if a state court decision involves an "unreasonable application" of clearly established federal law, as determined by the Supreme Court. 529 U.S. 362, 404-05 (2000); see also Washington v. Smith, 219 F.3d 620, 627-28 (7th Cir.2000). The "contrary to" standard requires a state court decision to be "substantially different from the relevant precedent of [the Supreme Court]." Williams, 529 U.S. at 405. For example, a state court decision applying a rule that contradicts the governing law set forth by the Supreme Court would qualify, as would a decision that involves a set of facts materially indistinguishable from a Supreme Court case that arrives at a different result. Id. at 405-06. By contrast, a state court decision that draws from Supreme Court precedent the correct legal rule and applies it in a factually distinguishable situation will not satisfy the "contrary to" standard, no matter how misguided the decision's ultimate conclusion. Id. at 406-07.

Under the "unreasonable application" prong of (d)(1), relief may be granted if the petitioner shows that, despite identifying the correct rule of law, the state court unreasonably applied it to the facts of the case. Williams, 529 U.S. at 404. An unreasonable application of federal law, however, is different from the incorrect or erroneous application of federal law. Boss v. Pierce, 263 F.3d 734, 739 (7th Cir. 2001) (citing Williams, 529 U.S. at 410). A federal court simply disagreeing with the state court decision does not warrant habeas relief-the decision's application of Supreme Court

3

precedent must be so erroneous as to be objectively unreasonable. <u>Middleton v. McNeil</u>, 541 U.S. 433, 436 (2004); <u>Yarborough v. Gentry</u>, 540 U.S. 1, 5 (2003).

Under § 2254(d)(2), relief may be had where the petitioner demonstrates that the state court made an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Here again, an unreasonable determination is more than a determination that is simply incorrect or erroneous. Moreover, state court factual determinations are presumed correct, and the petitioner has the burden of rebutting the presumption of correctness by "clear and convincing evidence." § 2254(e)(1). <u>Rice v. Collins</u>, 546 U.S. 333, 339 (2006) (citing <u>Miller-El v. Dretke</u>, 545 U.S. 231, 240 (2005)).

**ANALYSIS**

Tyler seeks relief on two grounds: (1) he was not given advance written notice of the disciplinary charges against him; and (2) he was not given the opportunity to present documentary evidence in his defense. (Docket No. 1 at 4-6.) The respondent admits that Tyler has exhausted his state court remedies with respect to these grounds, Tyler's petition is timely filed, and Tyler's petition is not a second or successive petition. (Docket No. 12 at 5.)

**Advance Written Notice**

Tyler received conduct report #1545539 on January 27, 2004 and conduct report #1545541 on January 25, 2004. (Docket No. 1 at 4.) Tyler alleges that conduct report #1545539 was deficient because it did not identify the victims of the sexual assaults. (Docket No. 1 at 4.) Although Tyler acknowledges that prison officials may withhold the identity of victims under certain circumstances, he argues that the prison did not comply with its own regulations to determine that withholding the victims' names and other relevant information was necessary. (Docket No. 1 at 4.) Thus, Tyler argues that the withholding of this essential information violated his due process rights. (Docket No. 1 at 4-5.)

Conduct report #1545539 simply states that the investigator has learned that two separate inmates accused Tyler of sexually assaulting them in his room while they tried to sleep. (Ans. Ex. B at 102-03.) In the portion of the report captioned "Description of Incident" the report states, in its entirety:

> This conduct report is the result of an investigation so the date and time above reflect the date and time of writing not that of the actual incident. On completing my investigation, writer found that on 2 separate incidents, inmate Tyler #325750 did in fact sexually assault a [sic] inmate in his room (2 separate incidents). Summary of 2 confidential statements attached.

(Ans. Ex. B at 102.) The attached statements of the two confidential informant / victims are identical: "Informant . . . states Inmate Tyler did touch Informant in the groin area without his permission when he was in his bunk trying to sleep." (Ans. Ex. B at 103.) Tyler received this report on January 28, 2004 and a hearing was held on February 5, 2005. Although no verbatim transcript of this hearing was produced, the record of this hearing received by this court indicates that both victims testified. (Ans. Ex. B at 116-15.)

In Tyler's written response to the conduct report, he alleges that the report does not comply with the Department of Correction's own administrative rules, objects that he is not given a date or time of the incident and thus is unable to present an alibi, and was not able to read the full statements of the confidential informants. (Ans. Ex. B at 107.) However, it is clear from Tyler's response that he was well-aware of the identity of the confidential informants in advance of the hearing. He discusses at length his history of conflict with these individuals and describes why these inmates would be motivated to fabricate these allegations against him. (See Ans. Ex. B at 107-13.)

The court of appeals rejected Tyler's argument by stating: "The record reveals that Tyler called his accusers as witnesses at the adjustment committee hearings and elicited their testimony in addition to presenting written questions to them. This argument lacks merit." (Ans. Ex. J at ¶16.)

Whether or not the Wisconsin Department of Corrections complied with its own internal rules in disclosing the identities of the victims is not an appropriate issue for this court to resolve in a federal habeas petition. Rather, this court's review is limited to ensuring that Tyler's minimum constitutional guarantees were adhered to in the disciplinary process.

An inmate subject to disciplinary action must be provided of written notice of the charges against him not less than 24 hours before his hearing. Wolff v. McDonnell, 418 U.S. 539, 564 (1974). This notice does not necessarily require disclosure of all information, such as the names of informants, if disclosure would be disruptive to an institution's penalogical and security aims. See McCollum v. Miller, 695 F.2d 1044, 1048 (7th Cir. 1982).

This court finds that it is unnecessary to determine whether the notice provided to Tyler was sufficient or whether it was appropriate for the institution to withhold the identities of the informants because it is clear than any alleged error was harmless. See, e.g., Penry v. Johnson, 532 U.S. 782, 795 (2001) (quoting Brecht v. Abrahamson, 507 U.S. 619, 637 (1993)). Based upon Tyler's response to the conduct report, it is clear that Tyler understood the nature of the allegations against him and knew the identities of the confidential informants while he was preparing for the hearing. Further, both accusers testified at the hearing and thus Tyler was able to confront his accusers. Therefore, this court finds no constitutional violation and thus is unable to conclude that the decision of the court of appeals was clearly contrary to or involved an unreasonable application of federal law as determined by the United States Supreme Court.

**Opportunity to Present Evidence**

Tyler alleges that he produced exculpatory evidence at the hearing, specifically the results of an investigation dated December 12, 2004, an investigative form dated January 9, 2004, a supplemental report dated January 10, 2004, and Kessen's medical and disciplinary records, but was not allowed to present this information. (Docket No. 1 at 5.) Tyler states that "[a] review of the

results of the investigation into DOC-67 dated 12-12-03 would reveal that petitioner was exonerated for the allegations lodged by Sokalowski. That information completely negates Sokolowski's testimony and confidential statement." (Docket No. 1 at 5.)

The court of appeals stated the following with respect to Tyler's allegations that he was denied the opportunity to present exculpatory evidence:

> Tyler argues that he was denied the right to present exculpatory evidence. Specifically, Tyler wanted to present the testimony of Patrick Fox, a previous cellmate, to establish that he never sexually assaulted or threatened Fox. However, this evidence was not relevant to the question of whether Tyler committed the acts alleged in the sexual assault conduct report. Relevant evidence is that evidence which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Wis. Stat. § 904.01. Additionally, for the sexual assault conduct report, Tyler was allowed to and did call two witnesses: the two cellmates who alleged that he had sexual contact with them. Additional witnesses are only allowed for good cause shown. Wis. Admin. Code § DOC 303.81(1). There was good cause to exclude Fox because his testimony was not relevant.

> Tyler argues that Lt. Houle withheld exculpatory evidence allegedly found in the investigative reports. Tyler merely speculates that such evidence was excluded from Lt. Houle's report. Tyler also wanted access to the discipline and medical records of one of the complaining witnesses. Tyler was permitted to question the witnesses in the proceeding on the sexual assault conduct report. However, he was not permitted to delve into the reasons for the witness' incarceration or the medications taken by the witness because such questions were not relevant to the conduct report.

(Ans. Ex. J at ¶¶13-14.)

This court is unable to say that the decision of the court of appeals was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court.

The court has reviewed the two DOC-67 forms, (Ans. Ex. B at 100-01), and the supplementary report, (Docket No. 15 at 2-3), that Tyler alleges were exculpatory. These documents are not exculpatory; in these documents, Tyler simply refutes the charges against him. It was within the discretion of the disciplinary committee to exclude the admission of this evidence on the basis that it was, for example, unnecessarily duplicative.

As for the disciplinary committee's refusal to consider the medical and disciplinary records of Tyler's accuser, the court finds that the committee's refusal to consider this information did not amount to a violation of clearly established federal law. The court of appeals determined that exclusion of this information was not improper because the information was not relevant.

"Unless the petitioner demonstrates that 'a specific constitutional right has been violated, a federal court can issue a writ of habeas corpus only when a state evidentiary ruling violates the defendant's due process rights by denying him a fundamentally fair trial.'" Haas v. Abrahamson, 910 F.2d 384, 389 (7th Cir. 1990) (quoting United States ex rel. Lee v. Flannigan, 884 F.2d 945, 953 (7th Cir. 1989); citing Woodruff v. Lane, 818 F.2d 1369, 1373 (7th Cir. 1987); Burrus v. Young, 808 F.2d 578, 581 (7th Cir. 1986); United States ex rel. Foster v. DeRobertis, 741 F.2d 1007, 1014 (7th Cir. 1984)).

This court finds no error in the court of appeals' conclusion that the requested information was not relevant, and thus Tyler has failed to demonstrate that the exclusion of this evidence violated his right to due process by denying him a fair hearing. With respect to the threat accusation, the issue was the context in which Tyler made the pertinent statement and Tyler's former cellmate was not the only accuser. A prison staff member reported that Tyler admitted making the statement. Thus, in this context, the medical or disciplinary records of Tyler's former cellmate were not relevant.

Similarly, with respect to the sexual assault allegation, Tyler's former cellmate was not the only accuser. Essentially identical allegations were levied by another of Tyler's former cellmates. Although Tyler argues that the requested disciplinary and medical records would have further undermined the credibility of one of his accusers, such credibility problems are essentially inherent whenever a witness in a prison disciplinary hearing is another inmate. Thus, a prison disciplinary body will naturally view such testimony with some degree of suspicion; under ordinary

8

circumstances, it would be unnecessarily redundant for the body to receive every fact tending to negatively impact the credibility of an inmate witness. The record demonstrates that Tyler had a full and fair hearing in which applicable relevant evidence was presented to the disciplinary body to permit it to fully evaluate the veracity of the allegations levied against Tyler. Therefore, the court finds that Tyler has failed to demonstrate that the court of appeals' decision in this regard was contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court.

**IT IS THEREFORE ORDERED** that Tyler's petition for a writ of habeas corpus is **denied**. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 8th day of December, 2008.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge
